504 P.2d 1004

**BANK OF AMERICAN FORK, Plaintiff and Appellant,**

**v.**

**W. S. BRIMHALL, Commissioner of Financial Institutions of the State of Utah, et al., Defendants and Respondents.**

**No. 12884.**

Supreme Court of Utah.

Jan. 3, 1973.

3. Anderson v. Anderson, 3 Utah 2d 277, 282 P.2d 845 (1955).

F. Burton Howard, of Bettilyon & Howard, Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., H. Wright Volker, Asst. Atty. Gen., Arthur H. Nielsen, Salt Lake City, for defendants-respondents.

TUCKETT, Justice:

The plaintiff filed these proceedings in the district court pursuant to Section 7-1-26(4), U.C.A.1953, seeking a judicial review of a decision of the Commissioner of Financial Institutions of the state of Utah. After a hearing, the district court affirmed the decision and order of the Commissioner and dismissed the plaintiff's complaint. The plaintiff is here seeking a reversal of that decision.

The above named defendants other than the Commissioner filed an application with the Commissioner for permission to organize a unit bank in the city of American Fork, Utah. The plaintiff protested the granting of the application and thereafter the Commissioner conducted a public hearing. The parties stipulated in the court below that the official transcript of the hearing before the Commissioner together with his findings of fact, conclusions and order, together with exhibits submitted to the Commissioner, might become a part of the record before the Court.

The Bank of American Fork, the plaintiff herein, is a bank chartered by the state of Utah and is operating as the sole banking institution in the city of American Fork. The proposed unit bank would be in competition with the plaintiff bank and to some extent with the Bank of Pleasant Grove and the State Bank of Lehi. The cities of Pleasant Grove, American Fork, and Lehi are neighboring cities in the north portion of Utah County with American Fork lying between Pleasant Grove and Lehi and aproximately 3½ miles away from each of the other cities.

After the hearing, the Commissioner made findings of fact which determined, among other things, that: (1) the applicants for permission to organize a unit bank are of good character, responsibility and general fitness as to warrant the belief that the business of the new bank will be honestly conducted in accordance with law and for the benefit of the customers and depositors of the bank; (2) the proposed bank upon establishment will have suffi-

cient capital and surplus to comply with the law and the requirements of the Commissioner and will not be a branch of any other bank; (3) the location of the area of operation of the proposed bank will not be in such close proximity to other established banks as to unreasonably interfere with the same or to impair the financial strength thereof at the location proposed. That the establishment of the new bank will not create such diversion of accounts from existing banks to materially affect or jeopardize the safety of the deposits held by existing banks or to interfere with the ability of these banks to maintain their financial strength and compete with all other banks; (4) that the existing population, business and needs of the community in northern Utah County and particularly the American Fork and Alpine areas are of sufficient magnitude to warrant another banking facility; (5) the public convenience and advantage will be subserved by the organization and establishment of the new bank at the location proposed; and (6) that the application to establish the new bank by the applicants should be granted.

A review of the record of the proceedings before the Commissioner reveals that there is sufficient and substantial evidence to support his findings. We are of the opinion that the plaintiff's contention that the findings of the Commissioner and the findings of the district court are not supported by the evidence is without merit.[1]

It is the plaintiff's further contention that the proposed bank will not be a bona fide and independent unit bank by reason of the fact that the applicant Calvin Swenson is an officer and director of the State Bank of Lehi and that Keith Jacobs and Kay L. Jacobs, two other applicants, are officers and directors of the State Bank of Lehi and also officers and directors of the Bank of Pleasant Grove. We find no statutory prohibition which would prevent a person from serving as a director of more than one bank. It should be noted that neither the State Bank of Lehi nor the Bank of Pleasant Grove is engaged in the banking business in American Fork. If the applicants above named failed in some duty they owed to the State Bank of Lehi or to the Bank of Pleasant Grove, the stockholders and other directors of those banking institutions have ample powers to deal with any such breach of trust. It would not appear that the plaintiff here has a standing or an interest to defeat the application on that ground.[2]

The decision of the court below is affirmed. Respondents are entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

1. Clearfield State Bank v. Brimhall, 24 Utah 2d 339, 471 P.2d 161.

2. Clearfield State Bank v. Brimhall, supra.